IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY ALLEN, #205 722,         )
                                 )
        Plaintiff,               )
                                 )
        v.                       )   CIVIL ACTION NO. 2:15-CV-28-MHT
                                 )                [WO]
DR. RAHMING,                     )
                                 )
        Defendant.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on January 14, 2015.  On February 3, 2015, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief.  In compliance with the court's order, Defendant submitted an answer and written report on February 18, 2015, and February 20, 2015, respectively, which contained relevant evidentiary materials refuting the allegations in the complaint. *Doc. Nos. 13, 14*.  Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendant's answer and written report. *Doc. No. 16*.  The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1.  The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's February 24, 2015, order expired on March 17, 2015.  As of the present

date, Plaintiff has failed to file a response in opposition to Defendant's written report. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate.  After such review, dismissal is the proper course of action. Plaintiff is an indigent individual.   The imposition of monetary or other punitive sanctions against him would be ineffectual.  Plaintiff's inaction in the face of Defendant's report and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case.  It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.  It is further

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 22, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.   Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

3